Filed 7/21/26  Krupp v. Kroenke Sports & Entertainment CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARSHALL KRUPP,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KROENKE SPORTS &<br>ENTERTAINMENT, LLC, et al.<br><br>    Defendants and Respondents. | B343908<br><br>(Los Angeles County<br>Super. Ct. No.<br>22STCV16372) |

APPEAL from judgments of the Superior Court of Los Angeles County, Karen Moskowitz, Judge.  Affirmed.

Bisnar | Chase, Brian D. Chase and Eric S. Chun for Plaintiff and Appellant.

Agajanian, McFall, Weiss & Tetreault, Paul L. Tetreault and Philip D. Weiss for Defendants and Respondents Kroenke Sports & Entertainment, LLC; Stadco LA LLC; Chargers Football Co., LLC; and Pincay RE, LLC.

Clark Hill, Katie Brinson, Richard H. Nakamura Jr., and David J. Hulett for Defendant and Respondent Contemporary Services Corporation.

In 2021, Marshall Krupp sustained a broken hip after he tripped and fell on a curb as he was walking into SoFi Stadium to attend a Los Angeles Chargers football game. He sued the owners, operators, and licensees of the stadium, as well as the company hired to manage the game day movement of crowds approaching SoFi Stadium, for premises liability and negligence.

Defendants moved for summary judgment on two independent grounds: (1) the alleged defect in the curb on which Krupp tripped was trivial as a matter of law; and (2) Krupp's claims were barred by a written waiver and release he signed when purchasing his season ticket membership. The trial court granted summary judgment in favor of defendants on both grounds.

We affirm. As discussed below, defendants met their initial burden on summary judgment by producing evidence of the release executed by Krupp, in which Krupp assumed liability for injuries related to attendance at any game at the stadium caused by defendants' negligence. The burden therefore shifted to Krupp to raise a triable issue of material fact as to gross negligence—a claim which would not be barred by the release—to avoid summary judgment. He did not do so.

Because this conclusion is dispositive of this appeal, we do not reach the alternative ground on which summary judgment was granted, *i.e.*, the trivial defect doctrine.

**BACKGROUND**

Krupp was a season ticket holder to the games and events of the Los Angeles Chargers at SoFi Stadium. When purchasing the tickets, on January 10, 2019, Krupp signed the Los Angeles Chargers Fanfaire Membership Agreement (the membership agreement). The membership agreement contained a waiver and

release, which provided that defendants shall not be liable to Krupp for any injuries he sustained while attending an event at SoFi Stadium except if the defendants were grossly negligent or engaged in willful misconduct.[1]

On November 14, 2021, Krupp went to SoFi Stadium to attend a football game. As Krupp walked into the stadium, he tripped on a curb and broke his hip as a result of the fall. According to Krupp, the curb where he tripped was approximately three-quarters of an inch in height. Krupp was walking with a crowd of people toward the stadium entrance through a gap in the bicycle rack barrier in front of the curb. The purpose of the bicycle rack barrier was to manage safe crowd flow so that employees could "properly manage the capacity of each [stadium] entry." At the time of the incident, a stadium worker made a gap in the barrier by removing the racks so that the

---

[1] The release provides in relevant part: "Neither the Stadium Parties nor their respective officers, owners, directors, employees, and agents (collectively, the 'Indemnitees') will be liable to Licensee or responsible for, and Licensee, for itself and each of Licensee's Guests, hereby assumes, all risk for any loss, damage, or injury to any person or to any property of Licensee or Licensee's Guests in or around the Stadium (including the parking lots) arising out of, during, or related to their attendance at any Event/Game at the Stadium resulting from any causes whatsoever, . . . regardless of whether the personal injury or property damage was caused by or results from, in whole or in part, the negligence or other fault of any Indemnitee, whether sole, joint, active or passive, excepting only those damages, costs or expenses attributable (and only to the extent attributable) to the gross negligence or willful misconduct of an Indemnitee, and then only such Indemnitee shall be liable with respect to such conduct."

crowd, including Krupp, could be redirected toward that entrance.

After the incident, Krupp filed this action against Kroenke Sports & Entertainment LLC; Stadco LA, LLC; Pincay RE, LLC; and Chargers Football Company, LLC (collectively, the stadium defendants) and Contemporary Services Corporation (CSC), the company hired to manage the game day movement of crowds approaching SoFi Stadium, for negligence and premises liability.

The stadium defendants moved for summary judgment or, in the alternative, summary adjudication. They argued Krupp could not establish the essential element of duty because any defect in the curb was trivial as a matter of law and, alternatively, Krupp released the stadium defendants from liability for negligence. CSC also separately moved for summary judgment or, in the alternative, summary adjudication on the same grounds.

Following a hearing on the motions, the trial court issued written orders granting both motions. The court concluded any alleged defect in the curb was trivial as a matter of law based on Krupp's deposition testimony, in which he estimated the curb height was only three-quarters of an inch in height. It further concluded defendants were entitled to summary judgment on the independent ground that Krupp released defendants from liability for negligence, and "in no way has [Krupp] alleged or argued that [defendants] are liable for gross negligence[.]"

The trial court entered two judgments in favor of the stadium defendants and CSC, respectively. Krupp subsequently moved for a new trial, which the trial court denied. Krupp timely appealed.

# DISCUSSION

## I.     Standard of Review

A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense.  (*Id.*, subd. (p)(2).)  If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact.  (*Ibid.*)  A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opponent.  (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)  "We must affirm a summary judgment if it is correct on any of the grounds asserted in the trial court, regardless of the trial court's stated reasons."  (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 637 (*Grebing*).)

## II.     The Trial Court Correctly Granted Summary Judgment on the Ground that Krupp Released Defendants from Liability for His Injuries

"While often referred to as a defense, a release of future liability is more appropriately characterized as an express assumption of the risk that negates the defendant's duty of care, an element of the plaintiff's case. . . . ' "The result *is that the*

5

*defendant is relieved of legal duty to the plaintiff; and being under no duty, he cannot be charged with negligence.'" "* (*Eriksson v. Nunnink* (2015) 233 Cal.App.4th 708, 719.) "In a summary judgment motion, the defendant bears the burden of establishing the validity of a release 'as applied to the case at hand.' " (*Jimenez v. 24 Hour Fitness USA, Inc.* (2015) 237 Cal.App.4th 546, 554.)

A release cannot absolve a party from liability for gross negligence. (*City of Santa Barbara v. Superior Court* (2007) 41 Cal.4th 747, 751 (*Santa Barbara*).) In contrast to ordinary negligence, which consists of a failure to exercise reasonable care to protect others from harm, " '[g]ross negligence' long has been defined in California and other jurisdictions as either a ' " 'want of even scant care' or 'an extreme departure from the ordinary standard of conduct.' " ' " (*Id.* at pp. 753—754.) "[T]he distinction between 'ordinary and gross negligence' reflects 'a rule of policy' that harsher legal consequences should flow when negligence is aggravated instead of merely ordinary." (*Id.* at p. 776.) Thus, a liability release "to the extent it purports to release liability for future gross negligence, violates public policy and is unenforceable." (*Id.* at p. 751.)

Consistent with these principles, the release Krupp signed precludes liability for negligence, but explicitly carves out gross negligence from the release. On appeal, Krupp does not dispute the executed release's validity and authenticity.[2] Nor does he

---

[2]     Krupp made arguments below in opposition to defendants' motion for summary judgment regarding the release's authenticity but has not renewed such arguments on appeal. We therefore deem these arguments abandoned. (See *Meddock v.*

6

dispute that ordinary negligence is within the release's scope and that it applies to both the stadium defendants and CSC. Instead, Krupp argues that defendants, as the moving parties, bore the initial burden to demonstrate they did not act with gross negligence before the burden shifts to defendants to show a triable issue of fact. And, for the first time on appeal, Krupp alternatively argues that even if the burden shifted, triable issues of fact exist as to whether defendants acted with gross negligence. We are unpersuaded by either argument.

We first address Krupp's primary argument that it was the moving parties' initial burden to negate gross negligence, and that they failed to do so. "On a motion for summary judgment, the issues are framed by the pleadings since it is those allegations to which the motion must respond." (*Scolinos v. Kolts* (1995) 37 Cal.App.4th 635, 640.) Thus, "if a complaint alleges facts demonstrating gross negligence in anticipation of a release, the initial burden remains on the moving defendant asserting the release as a defense to produce evidence refuting the allegations constituting gross negligence." (*Anderson v. Fitness Internat., LLC* (2016) 4 Cal.App.5th 867, 880.) "But when the plaintiff fails to allege in his or her pleading facts sufficient to support a theory of gross negligence, the defendant satisfies its burden by asserting a release as a complete defense, and the burden then shifts to the plaintiff to produce evidence that there is a triable issue of fact supporting gross negligence to defeat summary judgment." (*Joshi v. Fitness Internat.*, LLC (2022) 80 Cal.App.5th 814, 828 (*Joshi*).)

---

*County of Yolo* (2013) 220 Cal.App.4th 170, 175, fn. 2 [theories advanced in opposition to summary judgment at trial level not raised on appeal deemed abandoned].)

7

In *Hass v. RhodyCo Productions* (2018) 26 Cal.App.5th 11, 33 (*Hass*), the Court of Appeal concluded defendant met its initial burden on summary judgment even though it did not refute allegations of gross negligence, reasoning: "Although the [plaintiff] set forth certain facts in the Complaint which could be viewed as supporting a claim of gross negligence, it cannot be said that the Complaint—which does not even mention the Release—anticipated the Release defense or raised gross negligence as a material issue which [the defendant] was required to refute in order to succeed on summary judgment." (*Ibid.*)

This case is analogous to *Hass*. Like the complaint in *Hass*, the complaint here neither mentions the release nor raises gross negligence as a material issue. Krupp unconvincingly points to paragraphs 21 and 22 of the complaint, in support of his negligence cause of action, as purportedly supporting a theory of gross negligence. Paragraph 21 consists of boilerplate language regarding defendants' alleged failure to maintain, control, warn, or repair the "subject premises" and failure to provide warnings on or around the "subject premises." Paragraph 22 alleges that the area leading to the "subject premises" where the incident occurred was not normally used for pedestrian traffic and is normally protected from pedestrian use "by use of metal fences." It further alleges that at the time of the incident, defendants negligently directed a herd of pedestrians by opening the metal fences that were in place to prevent pedestrians from using the area leading to the "subject premises." Nowhere in the complaint does plaintiff connect these allegations to the release or a theory of gross negligence.

8

Krupp contends that *Hass* was erroneously decided. We disagree. *Hass* is consistent with both *Santa Barbara* and *Joshi*. We find the reasoning of *Hass* sound and applicable.

We acknowledge gross negligence is not a separate tort and, therefore, need not be pled as a separate cause of action; rather, it is a subspecies of negligence. (*Joshi, supra*, 80 Cal.App.5th at p. 825.) But even viewing the allegations of the complaint in the light most favorable to Krupp, we conclude Krupp failed to allege facts supporting a theory that defendants' alleged actions constituted an extreme departure from the ordinary standard of conduct. (See *Joshi, supra*, 80 Cal.App.5th at p. 828 [conduct demonstrating the failure to guard against, or warn of, a dangerous condition typically does not rise to the level of gross negligence].) Because gross negligence was not raised as a material issue in the complaint, defendants were not required to refute it. (See *Hass, supra*, 26 Cal.App.5th at p. 33.) Rather, defendants met their initial burden by producing evidence of the existence of the release and its execution by Krupp. (*Ibid*.)[3]

The burden thus shifted to Krupp to raise a triable issue of fact as to gross negligence. As a preliminary matter, we note that Krupp failed to argue below that defendants were grossly

---

[3] Krupp cites cases for the proposition that statutory immunity is not self-executing but is an affirmative defense that the government must prove. (See *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 986; see also *Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347 [government must prove each element of design immunity].) Those cases have no applicability here. The issue here is not statutory immunity, but rather whether defendants have the initial burden on summary judgment to negate gross negligence when the complaint does not allege facts supporting such a theory.

negligent or that there was a triable issue of fact on the issue of gross negligence. Krupp therefore forfeited this argument on appeal. (See *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [arguments not asserted below are forfeited on appeal].)

In any event, Krupp has not pointed to any evidence showing that defendants' conduct constituted "either a ' " 'want of even scant care' " ' or ' " 'an extreme departure from the ordinary standard of conduct.' " ' " (*Santa Barbara, supra*, 41 Cal.4th at p. 754.) Krupp argues he presented the following evidence in his opposing separate statement in support of his opposition to summary judgment: (1) on the date of the incident, there were metal barrier bike racks preventing pedestrians from crossing Champions Way; (2) one of CSC's responsibilities at SoFi Stadium was to prevent guests from opening bike racks set up along Champions Way; (3) the purpose of the bike racks was to manage a safe crowd flow; (4) CSC employees failed to warn Krupp and the other pedestrians in the crowd walking across Champions Way to be aware of the curb; (5) the metal barrier bike racks were opened by security people just before Krupp's incident; and (6) Krupp walked through the opened barrier line of bike racks with the crowd. Krupp does not explain how this alleged conduct constitutes ordinary negligence, let alone an extreme departure from the ordinary standard of care. Krupp's mere assertion that this evidence "can serve as the grounds for a jury finding of gross negligence" is insufficient to create a triable issue of fact.

Because Krupp's evidence establishes, at best, ordinary negligence by defendants, his claims are barred by the release as a matter of law. (See *Joshi, supra*, 80 Cal.App.5th at p. 828

10

[although the existence of gross negligence is a matter generally for the trier of fact, "it may be determined as a matter of law on summary judgment in an appropriate case"]; see also *Grebing, supra*, 234 Cal.App.4th at p. 639 [affirming trial court's granting of summary judgment where no triable issue of fact concerning gross negligence existed].) Accordingly, the trial court properly granted summary judgment in favor of the defendants.

## DISPOSITION

The summary judgments in favor of the stadium defendants and CSC are affirmed. Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

MORI, Acting P. J.

COGLIATI, J.*

---

\* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11